John NAKASONE, as Trustee of the St. Paul Painting Industry Health and Welfare Fund; and Jeff Jewett, as Trustee and Participant in the St. Paul Painting Industry Health and Welfare Fund, Plaintiffs,

v.

Carol ANDERSON, Steven D. Lastovich, and Steven D. Lastovich, Ltd., Defendants.

No. Civ.04–3274(DWF/JSM).

United States District Court, D. Minnesota.

April 21, 2005.

Amy L. Court, McGrann Shea Anderson Carnival Straughn & Lamb, for Plaintiffs.

Steven Theesfeld, Yost & Baill, LLP, Minneapolis, MN, for Defendants.

## MEMORANDUM OPINION AND ORDER

FRANK, District Judge.

### Introduction

The above-entitled matter is before the undersigned United States District Judge pursuant to the Motion for Summary Judgment brought by Plaintiffs John Nakasone and Jeff Jewett ("Plaintiffs") and the Motion for Summary Judgment brought by Defendants Carol Anderson, Steven D. Lastovich, and Steven D. Lastovich, Ltd. ("Defendants"). For the reasons set forth below, Plaintiffs' Motion for Summary Judgment is granted; Defendants' Motion for Summary Judgment is denied.

### Background

On May 12, 2001, Defendant Carol Anderson was injured in a serious automobile accident when she was struck by a fuel truck driven by Marvin Heisler. At the time of the accident, Anderson was a participant in the St. Paul Painting Industry Health and Welfare Fund (the "Fund"), and was thus entitled to health care benefits from the Fund as determined by the Plan Document.

For claims paid by the Fund prior to September 1, 2001, the Plan Document governing the Fund states:

> The Plan has the right to recover all benefits it has paid to or on behalf of a participant or dependent. Upon paying benefits, the Plan is automatically subrogated on a first priority basis to the rights of the recipient of Plan benefits (recipient includes an individual on whose behalf the Plan has paid benefits to another person or entity) against any person, insurer, or entity which is, as the result of such injuries, illness or death, legally liable for the recipients injuries, illness, or death, or is, or maybe [sic], legally liable or responsible for paying benefits or damages or may be to the extent of payments made by the Plan.

(Affidavit of Amy L. Court ("Court Aff.") at Ex. A (the "1995 Plan Document").)

For claims paid by the Fund after September 1, 2001, the Plan Document governing the Fund states:

> If medical, dental or disability benefits are provided by the Plan to or on behalf of a Covered Individual, which are the result of or related to an Injury, occurrence, condition or circumstance for which the individual has a right of redress against any third party or insurer,

the Plan will have a first priority subrogation interest in and have an independent right of reimbursement to any right of recovery or recovery in the amount of benefits paid to or on behalf of that individual.

(Court Aff, Ex. B (the "2001 Plan Document").)

Anderson received medical treatment as a result of her injuries. Anderson's health care providers erroneously billed the Minnesota Department of Human Services ("DHS") for some of her medical services, and DHS paid the claims.[1] DHS then sought reimbursement for the $19,578.52 in claims that DHS erroneously paid to Anderson's medical providers when Anderson had actually been eligible for benefits from the Fund. Defendants admit that this amount was paid by DHS to "medical treatment providers." (Defendants' Memorandum of Law in Support of Motion for Summary Judgment at 2.) The Fund ultimately reimbursed DHS $19,578.52 and paid an additional $8,843.26 directly to Anderson's other medical providers.

Meanwhile, Anderson and her husband retained Defendant Steven D. Lastovich to represent them in a personal injury action against Heisler, in a suit filed in Otter Tail County District Court. The matter was settled for the policy limits of $1,000,000. After the settlement occurred, the Fund sought reimbursement for $26,361.78 that was held in Lastovich's trust account, based on the Plan Document's provision, as stated above, giving the Fund a first priority right of subrogation and reimbursement. Anderson agreed to reimburse the Fund for $8,843.26 that was paid directly to her medical providers, but refused to reimburse the Fund for the remaining $19,578.52. This remaining

amount is being held in Lastovich's trust account until this matter is resolved.

## Discussion

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Enter. Bank v. Magna Bank of Missouri,* 92 F.3d 743, 747 (8th Cir.1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank,* 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *See Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir.1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Krenik,* 47 F.3d at 957.

The parties do not dispute that the Fund reimbursed DHS for payments that DHS

---

1. According to representations made by Plaintiffs' counsel at oral argument on this matter, Anderson had alternated benefits coverage with the Fund and Minnesota Care. Apparently, this is the reason that DHS was billed incorrectly for Anderson's medical services.

had made to Anderson's medical providers. Nor do the parties dispute that these payments were meant to cover medical services that Anderson actually incurred. Plaintiffs contend that because payments were made for medical benefits on behalf of Anderson, Anderson is required by the subrogation terms of the Plan Document to reimburse the Fund. Defendants, on the other hand, contend that the Plan Documents only require Anderson to reimburse the Fund for payments that the Fund made directly to her medical providers, but not for payments made to reimburse a state agency when that state agency, albeit mistakenly, initially made payments to medical providers on Anderson's behalf.

Regardless of whether the Court were to review the case under a *de novo* or an arbitrary and capricious standard of review[2] (*see Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)), the Court finds that Plaintiffs have correctly interpreted the Plan Document. The 1995 Plan Document states that "the Plan has the right to recover all benefits it has paid to *or on behalf of* a participant or dependant." (1995 Plan Document at 35 (emphasis supplied).) The 2001 Plan Document states that "[i]f medical, dental or disability benefits are provided by the Plan to *or on behalf of* a Covered Individual, which are the result of or related to an injury, occurrence, condition or circumstance for which the individual has a right of redress against any third party or insurer, the Plan will have a first priority subrogation interest...." (2001 Plan Document at 67 (emphasis supplied).) Contrary to Defendants' arguments, the Plan Document does not limit subrogation to payments made

directly to medical professionals for services rendered. A plain reading of the provisions allowing for the Plan's recovery of benefits paid "on behalf of" a participant or dependant gives Plaintiffs the right to recover the medical payments the Fund made on behalf of Anderson to DHS. For this reason, Plaintiffs Motion for Summary Judgment is granted.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Summary Judgment [Doc. No. 17] is **GRANTED**. The Court assumes that the Defendants will disburse funds to the Plaintiffs consistent with the judgment of the Court. If not, the parties may approach the Court with a short letter brief.

2. Defendants' Motion for Summary Judgment [Doc. No. 11] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

**2.** Plaintiffs submit that they are vested with the authority to construe the terms of the Plan Document, and thus that the Court should construe the terms of the Plan Document under the arbitrary and capricious standard of review. However, Plaintiffs have not directed the Court to the language in the Plan Document vesting Plaintiffs with such authority. (*See* Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment at 5, ¶ 2.)